**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DEVON SMITH,**<br>Individually and on behalf of all others<br>similarly situated,<br>    4113 Vineshire Dr.,<br>    Columbus, OH 43227<br>          Plaintiff,<br><br>      vs.<br><br>**TRUGREEN, INC.,**<br>By Serving Its Registered Agent<br>    CT Corporation System<br>    1300 E. 9th St.,<br>    Cleveland, OH 44114<br><br>By Serving Its Corporate Headquarters<br>    David Alexander<br>    860 Ridge Lake Blvd.<br>    Memphis, TN 38120<br><br>**TRUGREEN LIMITED PARTNERSHIP,**<br><br>By Serving Its Registered Agent<br>    CT Corporation System<br>    1300 E. 9th St.,<br>    Cleveland, OH 44114<br><br>By Serving Its Corporate Headquarters<br>    David Alexander<br>    860 Ridge Lake Blvd.<br>    Memphis, TN 38120<br><br>**TRUGREEN LIMITED PARTNERSHIP,<br>dba TRUGREEN LAWNCARE,**<br><br>By Serving Its Registered Agent<br>    CT Corporation System<br>    1300 E. 9th St.,<br>    Cleveland, OH 44114<br><br>By Serving Its Corporate Headquarters<br>    David Alexander<br>    860 Ridge Lake Blvd.<br>    Memphis, TN 38120<br><br>         Defendant. | **Case No. 2:17-cv-462**<br><br>**Judge**<br><br>**Magistrate Judge**<br><br><br>**<u>CLASS ACTION<br>COMPLAINT<br>WITH JURY DEMAND<br>ENDORSED HEREIN</u>** |

## CLASS ACTION COMPLAINT

Plaintiff Devon Smith, on behalf of himself and all others similarly situated, files this Class Action Complaint against TruGreen, Inc., TruGreen Limited Partnership, TruGreen Lawncare, and all of the subsidiaries, registered trade names, and fictitious names of these entities (collectively "Defendant").  Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.      This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA") brought on behalf of Class members who were applicants for employment with Defendant TruGreen, Inc.

2.      The FCRA regulates the use of "consumer reports" for employment purposes, commonly called "background reports." Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users of consumer reports," such as Defendant. This action involves Defendant's systematic violations of several of those important rules.

3.      As part of its hiring services, Defendant uses criminal background reports generated by nationwide consumer reporting agencies ("CRAs") to make employment decisions. Because such employment decisions are based in whole or in part on the contents of the criminal background reports, Defendant is obligated to adhere to certain important provisions of the FCRA.

4.      In order to screen or check job applicants' backgrounds, Defendant is required by the FCRA to (1) disclose in writing to the consumer, "in a document that consists solely of the

disclosure, that a consumer report may be obtained for employment purposes," and (2) obtain written consent or permission from the applicant. 15 U.S.C. § 1681b(b)(2)

5.        Plaintiff brings this nationwide class claim against Defendant under 15 U.S.C § 1681b(b)(2) because Defendant negligently and willfully failed to make the proper disclosures and obtain Plaintiff's authorization and consent prior to procuring his background report. Every year, individuals who have applied to Defendant for employment have been similarly aggrieved.

6.        When using criminal background reports for employment purposes, Defendant must, before declining, withdrawing, or terminating employment based in whole or in part of the contents of the report, provide job applicants like Plaintiff with a copy of their respective reports *and* a written summary of their rights under the FCRA. 15 U.S.C. § 1681b(b)(3).

7.        Plaintiff brings this nationwide class claim against Defendant under 15 U.S.C. § 1681b(b)(3) because Defendant negligently and willfully failed to comply with the FCRA's mandatory pre-adverse action notification requirement, and failed to provide a copy of the background report it obtained before taking adverse action against Plaintiff and failed to provide a written summary of his consumer rights. Every year, individuals who have applied to Defendant for employment have been similarly aggrieved. By using consumer reports to make adverse employment decisions without, beforehand, providing the person who is the subject of the report sufficient and timely notification, a copy of the report, a summary of rights under the FCRA, or any opportunity to correct any errors on the report, Defendant effectively leaves the person who is the subject of the report without any means of redress to challenge the contents of the report or to even know who prepared the background report.

8.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for himself and Classes of similarly situated employment applicants whose rights under FCRA have been violated and or abridged by Defendant.

## PARTIES

9.     Plaintiff Devon Smith is a "consumer" as protected and governed by the FCRA, and resides in Columbus, Ohio.

10.     Defendant TruGreen, Inc. is a for profit corporation incorporated under the laws of Delaware, with its principal place of business in Memphis, Tennessee, and registered to do business under the laws of the State of Ohio; and Defendant conducts business and markets its services throughout Columbus, Ohio and this District.

11.     Defendant TruGreen Limited Partnership is a for profit corporation incorporated under the laws of Delaware, with its principal place of business in Memphis, Tennessee, and registered to do business under the laws of the State of Ohio; and Defendant conducts business and markets its services throughout Columbus, Ohio and this District.

12.     Defendant TruGreen Lawncare is a tradename used by TruGreen Limited Partnership.

13.     TruGreen, Inc., TruGreen Limited Partnership, and TruGreen Lawncare are joint employers and acted as a joint employer to Plaintiff and Class Members in this case.

14.     TruGreen, Inc., TruGreen Limited Partnership, and TruGreen Lawncare operated as a single integrated system or employer.

## JURISDICTION AND VENUE

15.     The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

16.     This Court also has jurisdiction pursuant to the Class Action Fairness Act 28 U.S.C. § 1332(d).

17.     Venue is proper in this Court because Defendant can be found in this District, Defendant regularly sells its products and services in this District, and Plaintiff applied for employment at Defendant's establishment in this District. *See* 28 U.S.C. § 1391(b)(3).

### FACTUAL ALLEGATIONS

18.     Plaintiff applied for a commercial sales job position with Defendant on or about March of 2016.

19.      Defendant's initial application disclosed and required Plaintiff to consent to a background check as part of the employment hiring process. The consent form included many other disclosures in addition to the disclosed requirement of a background check.

20.     In the initial application, Plaintiff disclosed to Defendant that he had minor criminal charges on his background, and he relayed his criminal history accurately.

21.     The standardized Disclosure Form that Defendant required Plaintiff to sign as part of his initial application was not a "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes" as required by section 1681b(b)(2)(A)(i) for the FCRA.

22.     Instead, the Disclosure Form unlawfully included the following improper and extraneous language that distracts the consumer from the purpose of the stand-alone disclosure which is simply to inform the consumer "that a consumer report may be obtained for employment purposes." The extraneous and distracting language in the Disclosure Form includes, but is not limited to, the following:

- Identity and employment eligibility of all new hires will be verified as required by the Immigration and Reform Control Act of 1986. All offers are contingent on the presentation of proof of the legal right to work in the U.S.

- TruGreen considers applicants for employment without regard to race, color, religion, sex, sexual orientation, nation origin, disability, age, veteran status and any other characteristic protected by applicable law. Further, no information obtained by TruGreen in response to any other question in this application will be used in violation of any federal, state or local law.

- TruGreen requires that any applicant to whom a contingent offer is made must pass a drug test consistent with applicable laws and regulations. An offer of employment is contingent upon an applicant's submission to and passing the drug test. By signing this employment Application, I agree to undergo drug testing by urinalysis. I understand the results of this test will be disclosed to TruGreen, or anyone else on a need to know basis or as required by law. I understand that if I refuse to consent to testing, fail to provide a urine sample when requested, or the drug test result is positive, I will not be hired by TruGreen in accordance with the drug testing policy and consistent with federal, state, and local law.

- I understand and agree that if I am employed by, the employment will be "at will."

23.     Plaintiff was scheduled for an in-person interview following his initial application.

24.     Plaintiff then had a second interview where he was given a verbal job offer contingent on completing certain employment forms, a motor vehicle registration check, his background check, and drug testing. Plaintiff again disclosed to Defendant that he had minor criminal charges on his background, and Defendant told him it was not a problem and would not be a bar to employment so long as he wrote them down accurately in the application forms.

25.     After Defendant informed Plaintiff of its intent to hire him, Plaintiff ceased his job search. He did not fill out any additional applications with potential employers and he stopped sending out his resume.

26.     Plaintiff went into Defendant's office on or about March 16, 2016 to fill out the required employment paperwork, which included, in part, his consent to a background check.

27.     The second background check consent form was not a "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes" as required by Section 1681b(b)(2)(A)(i) for the FCRA.

28.     Upon information and belief, the second form suffered from the same deficiencies as the first, which are described in paragraph 20 above. The second form also included additional extraneous and distracting language regarding motor vehicle registration and scheduling of drug testing.

29.     Additionally, the second form failed to provide sufficient disclosures information regarding consumer rights in violation of Section 1681b(b)(1)(B).

30.     Defendant knew or should have known that its failure to provide a stand-alone disclosure was a violation of the FCRA because the statutory language of section 1681b(b)(2)(A) was clear that Defendant could not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless "a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i).

31.     Plaintiff subsequently took and passed the required drug screening.

32.     About two weeks after filling out the additional paperwork and taking (and passing) his drug test, Plaintiff followed up with Defendant regarding his employment and was told that Defendant was still waiting on the background check. Defendant told Plaintiff that the background check takes time and that they would give him a call when it came in.

33.     About one month after filling out additional paperwork, which included the background check consent, Plaintiff received a letter in the mail from Defendant stating that he

would not be hired. The letter did not give reasoning or disclose any information regarding the results of his background check. The letter did not provide Plaintiff any opportunity to contest or appeal the adverse employment decision.

34.     By the time Plaintiff received the letter, Defendant's decision had already been made *i.e.*, Plaintiff was already denied the job with Defendant based on information contained in his background check. Accordingly, Defendant failed to comply with the FCRA's pre-adverse action notification requirements.

35.     Because the background check was the only remaining piece of the puzzle before Plaintiff could begin work, Defendants adverse employment decision had to have been based on the background check.

36.     Because Plaintiff had already truthfully revealed all of his previous background infractions—which Defendant ensured him would not be a problem—the only plausible conclusion is that the background report contained inaccurate information.

37.     At no time did Defendant send Plaintiff a copy of his background report. Defendant also failed to identify whether it relied on specified information in the background report in making its decision. Defendant did not provide Plaintiff any opportunity to discuss the report or otherwise respond before the adverse action.

38.     As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff suffered concrete harm—he lost his job with Defendant, he lost time that could have been spent searching for a job, and he suffered damages.

39.     Defendant caused Plaintiff to suffer concrete harm by not giving him an opportunity to review, verify, or correct any information in the consumer report.

## CLASS ACTION ALLEGATIONS

40.　Pursuant to Fed. R. Civ. P. 23 and FCRA § 1681b(b), Plaintiff brings this action for himself and on behalf of the following Classes:

(a) All natural persons residing within the United States and its Territories regarding whom, within five years prior to the filing of this action and extending through the resolution of this action, Defendant procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the Disclosure Form provided to Plaintiff and described above (the "Section 1681b(b)(2) Class").

(b) All applicants or employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a background report procured or caused to be procured from a consumer reporting agency that was used by Defendant to make an adverse employment decision regarding such employee or applicant for employment, within five years prior to the filing of this action and extending through the resolution of this case, and for whom Defendant failed to provide the applicant a copy of his or her consumer report or a copy of the FCRA summary of rights before it took such adverse action (the "Section 1681b(b)(3) Class").

41.　Plaintiff reserves the right to amend the definition of the classes based on discovery or legal development.

42.　**Numerosity**. Fed. R. Civ. P. 23(a)(1). Upon information and belief, Plaintiff alleges that the Class members are so numerous that joinder is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

43.　**Commonality**. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the Classes, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

a.　Whether Defendant willfully or negligently violated Section 1681b(b)(2) of the FCRA by procuring or causing to be procured consumer reports for employment

purposes without providing a clear and conspicuous disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes and obtaining written consent.

b. Whether Defendant failed to provide notice of a pending adverse employment decision based on the background check to the applicant or employee at least five business days before declining to hire or discharging the applicant or employee based on the results thereof (§1681b(b)(3)(A)(i));

c. Whether Defendant failed to provide a copy of the consumer report to the applicant or employee at least five business days before declining to hire or discharging the applicant or employee based on the results thereof (§1681b(b)(3)(A)(i));

d. Whether Defendant failed to provide a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee (§1681b(b)(3)(A)(ii));

e. Whether Defendant provided a copy of the most current written summary of FCRA rights to the applicant or employee;

f. Whether Defendant acted willfully or negligently in disregard of the rights of employment applicants in its failure to permit its employees and automated systems to send employment applicants their full consumer report and a written statement of their FCRA rights at least five business days before taking adverse action based on the consumer report.

44. **Typicality.** Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member. Plaintiff would only seek individual or actual damages if class certification

10

is denied. In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other members of the Class.

45.     **Adequacy.** Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his Counsel will fairly and adequately protect the interests of the members of the Class.

46.     **Predominance and Superiority.** Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system present by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## COUNT ONE: VIOLATION OF THE FCRA § 1681b(b)(2)

47.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

48.     Plaintiff and the putative Class are "consumers", as defined by the FCRA, 15 U.S.C. § 1681a(c).

49.     The background reports ordered by Defendant are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

50.     Defendant is liable for willfully or negligently violating section 1681b(b)(2) of the FCRA by utilizing two inadequate disclosure and consent forms in order to procure or cause to be procured a consumer report from Plaintiff and Class members for employment purposes without first providing a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

51.     Defendant caused Plaintiff and putative Class members to suffer concrete harm and damages by not making them fully aware of their rights and protections under the FCRA.

## COUNT TWO: VIOLATION OF THE FCRA § 1681b(b)(3)(A)

52.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

53.     Plaintiff is a "consumer", as defined by the FCRA, 15 U.S.C. § 1681a(c).

54.     The consumer background report ordered by Defendant is a "consumer report" within the meaning of Section 1681a(d).

55.     The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part of the report," must

provide the consumer with a copy of the report and a written description of the consumer's rights

under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse

action. 15 U.S.C. 1681b(b)(3)(A).

56.     For purposes of this requirement, an "adverse action" includes "any . . . decision .

. . that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

57.     Defendant is a "person" and regularly uses background reports for employment

purposes. 15 U.S.C. §§1681b(b)(3)(A)(i) and (ii).

58.     Defendant willfully and negligently violated section 1681b(b)(3) of the FCRA by

failing to provide Plaintiff and the members of the Class the following before using such report:

(a) the required Pre-Adverse Action Notice; (b) a copy of the consumer report; and (c) a written

description of the consumer's rights under the FCRA.

59.     Defendant caused Plaintiff and putative Class members to suffer concrete harm

and damages by not making them fully aware of their rights and protections under the FCRA.

60.     Defendant caused Plaintiff and putative Class members to suffer concrete harm

and damages by making adverse employment decisions without providing Plaintiff or putative

Class members an opportunity to review, verify, or correct background reports.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and the Classes pray for relief as follows:

A. An order certifying the proposed FCRA classes herein under Federal Rule 23 and

appointing Plaintiff and his undersigned Counsel as representatives of record to represent

the same;

B.  That judgment be entered in favor of the section 1681b(b)(2) Class and the 1681b(b)(3) Class against Defendant for statutory damages and punitive damages for violation of 15 U.S.C. § 1681b(b)(3), pursuant to 15 U.S.C. § 1681n;

C.  That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o;

D.  An award of pre-judgment and post-judgment interest as provided by law; and

E.  That the Court grants such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

Respectfully submitted,

/s/ Steven C. Babin, Jr.
Steven C. Babin, Jr.    (0093584)
Lance Chapin             (0069473)
Chapin Legal Group, LLC
580 South High Street, Suite 330
Columbus, Ohio  43215
Telephone:    614.221.9100
Facsimile:    614.221.9272
E-mail:   sbabin@chapinlegal.com
          lchapin@chapinlegal.com

Attorneys for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues.

/s/ Steven C. Babin, Jr.
Steven C. Babin, Jr.    (0093584)
Chapin Legal Group, LLC
Attorney for Plaintiff

14